UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Jose Naranjo,                                  Case No. 5:14-cv-190-OC-17PRL

             Petitioner,

v.                                              **MEMORANDUM AND ORDER**

Warden, FCC Coleman – USP II,

             Respondent.

_____

This matter is before the Court on a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. For the following reasons, the Petition is dismissed for lack of jurisdiction.

**BACKGROUND**

In 1995, a federal jury in the District of Columbia convicted Petitioner Jose Naranjo and three co-defendants of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine. United States v. Gaviria, 116 F.3d 1498 (D.C. Cir. 1997). Because Naranjo had four prior federal drug convictions, the trial court sentenced Naranjo to the statutory maximum term of life imprisonment. Id. at 1530. The District of Columbia Circuit Court of Appeals affirmed Naranjo's conviction and sentence in all respects. Id. at 1506.

Naranjo then brought a motion to vacate his sentence under 28 U.S.C. § 2255, which the trial court denied. United States v. Gaviria, Crim. No. 1:93-418 (D.D.C.) at

Docket No. 525. In 2013, Naranjo filed with the trial court what he captioned as a "Motion to Vacate Judgment for Lack of Subject Matter Jurisdiction: Petition for Relief under 28 U.S.C. § 2241; Alternative Petition for Writ of Error Coram Nobis; or Audita Querela or by Rule 60(b)." Id. at Docket No. 600. The trial court construed this motion as a second § 2255 motion and dismissed it for lack of jurisdiction. United States v. Naranjo, Crim. No. 1:93-418, 2014 WL 5408414 (D.D.C. Oct. 24, 2014).

Naranjo, who is incarcerated at the Federal Correctional Complex Coleman in Sumterville, Florida, then filed the instant Petition, which is substantively identical to his 2013 motion.[1] The Petition seeks Naranjo's immediate release for the trial court's alleged failure to rule on a 1994 pretrial motion that sought dismissal of the indictment on the basis that there was discrimination in the selection of the grand and petit juries. Naranjo has also filed a "Motion to Vacate Judgment under Alleyne: Petition for Relief under 28 U.S.C. § 2255 or 60(b); Alternative 28 U.S.C. § 2241." (Docket No. 6.)

In these filings, Naranjo challenges his conviction and sentence on two grounds. First, he argues that the grand jury that indicted him was selected in a discriminatory manner because no jurors were Hispanic, and thus that the indictment the grand jury returned violated his Due Process rights. Second, he contends that the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151, 2155 (2013), renders his sentence

---

[1] The instant Petition is captioned "Motion to Vacate Judgment for Lack of Subject Matter Jurisdiction: Petition for Relief under 28 U.S.C. § 2241; Alternative Petition for Writ of Error Coram Nobis; or Audita Querela or by Rule 60(b)." (Pet. (Docket No. 1) at 1.)

unconstitutional because the trial judge, not a jury, determined the amount of cocaine for which he was responsible.

**DISCUSSION**

A federal prisoner has two options when pursuing postconviction relief. First, the prisoner may challenge the validity of his conviction or sentence by bringing a motion to vacate the sentencing judgment under 28 U.S.C. § 2255. Darby v. Hawk-Sawyer, 405 F.3d 942, 944 (11th Cir. 2005). Second, the prisoner may challenge the execution of a sentence by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008). Typically, the exclusive remedy for a collateral attack on the validity of a conviction or sentence is a § 2255 motion, and a prisoner cannot evade § 2255's procedural restrictions by raising that type of claim in a § 2241 petition. Id. at 1351.

The Court cannot treat Naranjo's Petition as if it was filed under § 2255 because Naranjo already filed at least one, and arguably two, § 2255 motions. The habeas rules are clear that a second or successive § 2255 motion "shall not be entertained" unless the prisoner first obtains permission from the Court of Appeals for a successive filing or satisfies the savings clause of § 2255. 28 U.S.C. §§ 2255(e), (h); Gilbert v. United States, 640 F.3d 1293, 1305-06 (11th Cir. 2011) (en banc); see also Darby, 405 F.3d at 945 ("When a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission . . . before filing a successive § 2255 motion."). Naranjo has not sought or received permission from the Court of Appeals to file a successive § 2255

motion. Thus, this Court may not entertain the Petition unless Naranjo can establish that § 2255's savings clause applies.

The savings clause permits a court to entertain a federal prisoner's § 2241 habeas petition challenging a conviction or sentence only if the "remedy by § 2255 motion is inadequate or ineffective to test the legality of his detention." Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1334 (11th Cir. 2013) (quoting 28 U.S.C. § 2255(e)). To show inadequacy or ineffectiveness: (1) "the claim must be based upon a retroactively applicable Supreme Court decision," and (2) "the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion." Id. at 1343. If the federal prisoner does not satisfy § 2255's savings clause, the Court lacks jurisdiction to decide his § 2241 petition. Bryant v. Warden, FCC Coleman – Medium, 738 F.3d 1253, 1262-63 (11th Cir. 2013).

Naranjo's first argument regarding the composition of the grand jury that indicted him is not based on any retroactively applicable Supreme Court precedent. As the trial court noted in ruling on Naranjo's 2013 iteration of this argument, Naranjo's challenge to his indictment, more than 20 years after the fact and through the guise of writs of error, Rule 60(b), and writs of audita querela, is nothing more than an attempt to circumvent the clear rules against second or successive § 2255 motions. Naranjo, 2014 WL 5408414, at *1. Naranjo does not argue that the law has changed. Rather, he contends that, because he alleges a violation of his constitutional rights, this Court has the power to remedy that violation regardless of the strictures of § 2244(b)(3)(A), which prohibits the district court

4

from considering a second or successive § 2255 motion. But the law is clear: this Court lacks jurisdiction over any challenge to a federal conviction or sentence, regardless of how that challenge is captioned, if the prisoner has previously been denied § 2255 relief and has not received permission from the Court of Appeals to bring a second § 2255 motion. Because Naranjo has not received permission to file the instant Petition, it must be dismissed for lack of jurisdiction.

Nor does Naranjo's challenge to his conviction and sentence under <u>Alleyne</u> suffice to confer jurisdiction over his claims. Although he is correct that the Supreme Court determined in <u>Alleyne</u> that certain facts must be submitted to the jury for decision, 133 S. Ct. at 2155, that decision is not retroactively applicable to cases on collateral review. <u>Jeanty v. Warden</u>, 757 F.3d 1283, 1285-86 (11th Cir. 2014). Thus, Naranjo's claim regarding drug quantity is not cognizable in this successive habeas petition.

**CONCLUSION**

The Court lacks jurisdiction to entertain Naranjo's Petition. Accordingly, **IT IS HEREBY ORDERED that**:

1. The Petition for a Writ of Habeas Corpus (Docket No. 1) is **DISMISSED without prejudice**;

2. The Motion to Vacate Judgment under Alleyne (Docket No. 6) is **DENIED**; and

      3.      The Clerk shall enter judgment accordingly, terminate all remaining deadlines as moot, and close the file.

Dated:  <u>November 2, 2016</u>              <u>*s/ Paul A. Magnuson*         </u>
                                             Paul A. Magnuson
                                             United States District Court Judge